## J. A. KING *v.* A. REED.

Where there is no real foundation for a claim over three hundred dollars, nor any legal ground for supposing such an amount can be recovered, the appeal will be dismissed.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. *Wolfe* and *Singleton,* for plaintiff. *Hite* and *Gaither,* for defendant. By the court:

SLIDELL, J. We think this appeal should be dismissed for want of jurisdiction, there never having been a real foundation for a claim over $300, or any reasonable legal ground for supposing such an amount could be recovered. This results from an inspection of the allegations of the petition, and the items charged in the account annexed to it. The administration of justice, with that degree of care and accuracy which we would desire in cases really entitled to our jurisdiction, is scarcely practicable, and we therefore must, of our own motion, refuse to hear causes that do not fairly pertain to our province.

Appeal dismissed at costs of appellant.

PRESTON, J., dissenting. I am of opinion that the plaintiff sued for the whole of his claim, believing himself entitled to recover it, and not merely to give jurisdiction to the Supreme Court. Having sued *bonâ fide* for damages exceeding three hundred dollars in amount, although the grounds for a portion of his claim are clearly untenable, still I think him entitled to the opinion of this court on the whole claim.

Opinion of PRESTON, J., on the merits: The plaintiff, residing in Tennessee, purchased, through the agency of his commission merchants in New Orleans, from the defendant, sixty-five Mexican and thirty-five city hides, to be shipped

to Tennessee, and there tanned and dressed. He paid the highest price and for the best quality, and the hides, by their external appearance, were of that quality. They were immediately shipped to Tennessee, and put into the plaintiff's tannery. There is no proof that they were injured during the transportation, or in the tannery. On the contrary, the negative is proved as far as possible.

In the process of tanning, the Mexican hides were discovered to be very defective, full of holes, rotten in places, and almost worthless. It is proved, that this is often the character of Mexican hides, though apparently good and sound, until subjected to the process of tanning, until then, the defects are hidden.

The plaintiff sues for the difference between the price paid by him for sound hides, and the actual value of those purchased.

The express provision of the Civil Code, seems to apply to the case. The seller is bound to two principal obligations, one of which is, " that of warranting the thing which he sells." Art. 2450. "The warranty of the seller has two objects," one of which is, the hidden defects of the thing sold, or its redhibitory vices. Art. 2451. Apparent defects, are those which can be discovered by simple inspection. Code 2497. The seller does not warrant against these. Hidden defects, are those which are not discovered by simple inspection, but require some process of examination to find them out. The seller warrants against such defects.

The district judge considered it proved, " that the Mexican flint hides are, from some inherent defect in the hides themselves or in their curing, an uncertain article, not to be judge of by any experience, until they have been actually tanned, in the course of which, they often perish or become useless ; that this is understood amongst tanners and traders, who, nevertheless, purchase them, pay high prices, and obtain a greater profit when they turn out well, and knowing all these things, take the risk."

Such an understanding is opposed to the express provision of law which we have quoted ; and if an exception to the law exists as to Mexican hides, I think it should be established by express agreement, or by stronger evidence of an implied agreement, resulting from a general understanding, than that of the agent of the seller alone, in an isolated case.

It is said the meaning of apparent defects, mentioned in our code, are those defects known to the buyer, because that is the interpretation of French commentators on similar provisions of their code. There is no doubt, the terms embrace all defects known to the buyer, and indeed more, all those which might have been known by the exercise of his physical senses, without going through some process of examination. But the very question in this case is, whether the buyer knew or might have known of the defects complained of, without a process of examination ? The argument seems to be, that he knew of the unseen defects, because there was a general understanding of buyers to waive them as to the hidden defects in Mexican hides. We repeat again, that such an opinion proved by the agent of the seller, in a simple case, is not sufficient to establish such an understanding against buyers, in opposition to the express words of the Civil Code.

It is possible, that the express provisions of the code, ought not to be applied to the sale of Mexican hides, for the reasons urged to show, that they are not applicable. But as they are general, and in terms apply to all articles of mer-

KING
v.
REED.

chandise, they can be waived as to the particular articles, only by an express or implied agreement.

We cannot affirm this judgment upon the evidence as exhibited in the record. But the district judge states, that the testimony is not well taken down, and that he desires it to be understood in this case, and all other cases, that he decides by what the witness states, and not by the clerk's notes. Without this observation, we were inclined to remand the cause, it renders our duty imperative.

We are not prepared to say, that the testimony offered by the defendant, and admitted by the court, as to the understanding in selling and buying Mexican hides, should have been rejected ; but would like, in case of another appeal, testimony also on behalf of buyers and tanners as, to their understanding in relation to unsound hides, the defects of which were not apparent. Provisions of law, can be waived only by an understanding on both sides.

The judgment should be reversed, and the case remanded for a new trial ; the costs of the appeal to be paid by the appellee.

Application for re-hearing refused.